■ ROBERT DUGGAN, Appellant, v. PARSONS OF GLENS FALLS, INC., Respondent.— GABRIELLI, J. Appeal from a judgment of the Supreme Court, entered February 23, 1968 in Warren County, upon a verdict rendered at a Trial Term. In the evening of August 20, 1965 respondent's employee was driving its automobile southerly on Route 9L while appellant was leading a horse in a northerly direction on the west side of the road when the car struck the horse throwing it against appellant. As a result thereof, two actions were commenced against the respondent, viz. one by appellant for his claimed injuries and another by the owner of the horse for property damage. In turn the respondent counterclaimed for its property damage, in the action brought by appellant. Following a jury trial verdicts of no cause of action were returned on all three claims. Appellant seeks to have the verdict set aside in his action against respondent on the ground that the jury verdicts were inconsistent and seeks a new trial. In its charge, the court properly instructed the jury that upon the evidence, they were to determine whether respondent, in its counterclaim, was to be considered an absentee owner and further instructed them concerning the rules applicable thereto. Upon the record we cannot conclude, as appellant urges, that at least one of the parties was negligent. Neither are we permitted to conclude that the verdicts are inconsistent, even if we were to assume the correctness of appellant's argument that the evidence could lead only to the conclusion that respondent was an absentee owner thus requiring the jury to determine that its operator was negligent. Upon the state of the record, the conflicting evidence was properly left to the jury, and they apparently found with good judgment that the accident occurred through no fault of either party or that neither party satisfactorily proved to the jury that the other party was negligent. Additionally, the jury could have determined that the appellant and the operator of the vehicle were confronted with an emergency and thus neither was legally responsible for any damages. Our attention has been called to the holdings in *Cubert* v. *Spencer* (9 A D 2d 28) and *Coon* v. *Hughes* (2 A D 2d 789) where inconsistency was recognized but which are not determinative of the issue here presented, for in each of these cases a jury had determined that one of the operators was negligent. Judgment affirmed, without costs. Herlihy, J. P., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.